[Civ. No. 4427. Second Appellate District, Division One.—March 25, 1926.]

A. SHAPIRO, Respondent, v. RALPH G. WHITLOCK COMPANY (a Corporation), Appellant.

[1] NEGOTIABLE INSTRUMENTS—TRADE ACCEPTANCE—RES ADJUDICATA— ISSUES—PLEADING—EVIDENCE.—In an action upon a trade acceptance, evidence offered in support of defendant's plea of res adjudicata, and consisting of the judgment-roll in a former action brought by said defendant against plaintiff's assignor, together with a paragraph of the instructions of the court to the jury in such former action, and part of the evidence received at the trial, was properly excluded, where in such former action the counterclaim of plaintiff's assignor set out certain demands for damages on account of alleged nonperformance by the plaintiff therein of a contract for the purchase by the latter of certain materials which were to be manufactured and delivered to it by plaintiff's assignor, and the only reference in the counterclaim to any trade acceptance consisted of a statement that when plaintiff's assignor demanded a payment, which he claimed to be due on the contract, he "was offered a trade acceptance instead of actual money."

[2] ID.—TRADE ACCEPTANCE—CHARACTER OF ASSIGNMENT—FINDING— EVIDENCE—PARTIES.—In such action, the evidence was sufficient to sustain the trial court's finding that the trade acceptance was assigned before maturity and for value to plaintiff and that he was the owner thereof; and the fact that plaintiff was the attorney for his assignor in such former action (which was commenced after plaintiff had filed his complaint in the present action) has no tendency to prove that plaintiff was a party to such former action, or that he had any personal interest therein.

(1) 34 C. J., p. 1018, n. 60. (2) 8 C. J., p. 1046, n. 9; 34 C. J., p. 931, n. 25, p. 932, n. 29.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

McComb & Hall and Frank G. Tyrrell for Appellant.

Shapiro & Shapiro for Respondent.

CONREY, P. J.—The defendant in its answer averred that the trade acceptance for $398.50 herein sued upon was "pleaded in the answer" of plaintiff's assignor, Harvey, in an action of R. G. Whitlock Company against Harvey, the said Harvey (under the fictitious name Harvey Machine Co.), being the payee named in the trade acceptance; "that the issues in this action were in said former action fully determined and adjudicated."

At the trial of the present action appellant offered in evidence the judgment-roll in the former action, together with a paragraph of the instructions of the court to the jury in that action, and a part of the evidence received at the trial. To these offers the respondent objected. There does not appear to have been an immediate ruling on the objections. The matters thus offered are set out in the transcript. Immediately following this record of the evidence the court made a general ruling covering said preceding matters, giving its reasons therefor, and sustained the objections. The court held that the plea of *res adjudicata* failed because the subject matter of the former action was not the same as the present action, and because the parties are not the same, and because the trade acceptance was not the property of either of the parties to the former action. By the evidence it was shown that the trade acceptance was transferred to respondent Shapiro for an actual and valuable consideration prior to maturity. It further appeared from said evidence that Shapiro was the attorney for Harvey in the former action, and that at the trial of said former action Shapiro informed the court that this present action was then pending, and that he still expected to try to obtain judgment thereon.

[1] The principal ground of appeal by the defendant herein is that the court erred in refusing to admit the

offered evidence to which we have referred. We are of the opinion that said evidence was properly excluded. In the former action the counterclaim of defendant Harvey set out certain demands for damages on account of alleged nonperformance by plaintiff of a contract for the purchase by plaintiff of certain materials which were to be manufactured and delivered by Harvey to the plaintiff. The only reference in the counterclaim to any trade acceptance consisted of a statement that when defendant demanded a payment, which he claimed to be due on the contract, he "was offered a trade acceptance instead of actual money."

[2] The evidence herein was clearly sufficient to sustain the court's finding that the trade acceptance was assigned before maturity and for value to Shapiro and that he is the owner thereof. There is no evidence that he was not such purchaser, or that he had notice of any defenses thereto when he accepted the assignment of the acceptance to himself. The fact that he was the attorney for Harvey in the said action of R. G. Whitlock Company against Harvey (an action which was commenced after Shapiro had filed his complaint in the present action) has no tendency to prove that Shapiro was a party to that action, or that he had any personal interest therein.

The judgment is affirmed.

Houser, J., and York, J., concurred.